IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWN RUCKER, Parent on behalf of Demetrius Rucker, Incapacitated Individual; <br><br> Plaintiff, <br><br> vs. <br><br> JAMIESHA SMITH, DRUG DEALERS, JASON TIERNEY, General Laborer; and NORIEGA ET AL, Terrorist; <br><br> Defendants. | 8:17CV364 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Dawn Rucker ("Rucker") filed her Complaint (Filing No. 1) on September 29, 2017, and has been granted leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Rucker bring this action as "[p]arent on behalf of Demetrius Rucker – Incapacitated Individual." (Filing No. 1 at CM/ECF p.1.) Rucker is the mother of 22-year-old Demetrius Rucker ("Demetrius"), who Rucker alleges is mentally incapacitated due to illegal drug use. (Id. at CM/ECF pp.4, 9–10.) Rucker alleges that Defendants Jamiesha Smith, Jason Tierney, and "others" are selling drugs out of Demetrius' apartment and intentionally associating Demetrius in their illegal activities. (Id. at CM/ECF p.4.) As relief, Rucker requests that Demetrius be placed in inpatient rehabilitation in a mental institution and receive certain therapies from a specified provider. (Id.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

There are several problematic issues with Rucker's Complaint, especially because she is attempting to proceed in a representative capacity.  As discussed below, Rucker has failed to allege that the court has jurisdiction over this matter or that she has standing to bring any claims on behalf of her son.

## A. Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Rucker cites the following provisions as bases for federal question jurisdiction: (1) "Nebraska Criminal Rules 3.1(C)(1),(2) & 5.1(2)(A), (B), (C) – Emergency & 9.1;" (2) 42 U.S.C. § 2254; (3) 28 U.S.C. § 2241; and (4) "Freedom to use laced Marijuana (k-2 with crank unknowingly)." The court was unable to determine in its research what Rucker is referring to by the "Nebraska Criminal Rules." Regardless, Nebraska state criminal rules would not serve as a basis of federal question jurisdiction.

The court believes Rucker's reference to 42 U.S.C. § 2254, a repealed statute, was intended to mean 28 U.S.C. § 2254 since both it and 28 U.S.C. § 2241 address federal habeas relief. Construed as such, the Complaint fails to allege any basis for habeas relief. Federal district courts have jurisdiction to grant habeas relief under 28 U.S.C. §§ 2241(c)(3) or 2254(a) only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Rucker does not allege that Demetrius is in custody, let alone that he is in custody in violation of the Constitution or federal law. Moreover, to the extent Rucker seeks habeas relief for Demetrius as his "next friend," she has failed to allege sufficient facts to establish "next friend" standing. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.

. . . The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.").

Finally, liberally construed, Rucker appears to allege that Defendants have violated Demetrius' constitutional rights by providing him with "laced Marijuana" without his knowledge. To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Rucker fails to allege that any of the Defendants are state actors or that their conduct is attributable to the state. *See Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Rather, it is clear from the Complaint that Defendants are not acting under the color of state law given that all the allegations concerning Defendants relate to criminal activity.

As the foregoing makes clear, there is no discernible "federal question" alleged in the Complaint. Nor has Rucker alleged a basis for "diversity of citizenship" jurisdiction as the Defendants and Demetrius are all alleged to reside in Nebraska and the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332. Accordingly, the court lacks jurisdiction over Rucker's Complaint and it must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**B. Standing**

In addition to the Complaint's jurisdictional deficiencies, Rucker fails to establish that she has standing to bring this action on behalf of Demetrius. Rucker does not allege she was deprived of any rights, privileges or immunities, or was injured in any way. Rather, she seeks only relief for alleged wrongs done to

Demetrius. To the extent Rucker attempts to allege a violation of Demetrius' rights, "parents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006). Rucker might be able to sue in a representative capacity if she is Demetrius' legal guardian. *See* Fed. R. Civ. P. 17(a)(1)(C) ("The following may sue in their own names without joining the person from whose benefit the action is brought: . . . a guardian . . . .") and (c)(1)(A) ("The following representatives may sue or defend on behalf of a minor or incompetent person: . . . a general guardian . . . ."). Alternatively, she might be able to sue as Demetrius' "next friend." *See* Fed. R. Civ. P. 17(c)(2). In either case, Rucker would have to allege facts to show her authority to bring suit on behalf of Demetrius. Additionally, as a pro se litigant, Rucker may not represent parties other than herself and would need to seek counsel if she seeks to pursue claims on behalf of Demetrius. *See Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C. § 1654.

## IV. CONCLUSION

The allegations of the Complaint fail to establish that the court has jurisdiction of this matter under 28 U.S.C. §§ 1331 or 1332, and the court will dismiss this action without prejudice. The court will not provide Rucker with an opportunity to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that:

1. Rucker's Complaint (Filing No. 1) is dismissed without prejudice.

2. The court will enter judgment by a separate document.

Dated this 12th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
